UNITED STATES of America,
Plaintiff—Appellee,

v.

Rubelo ESTRADA, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Jesus Camacho–Martinez, a/k/a Pedro
Solorio, Defendant—Appellant.

Nos. 04–30336, 04–30356.

D.C. Nos. CR–03–00094–3–BLW,
CR–03–00094–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 20, 2005.*

Decided Nov. 18, 2005.

Lynne W. Lamprecht, USBO—Office of the U.S. Attorney, Boise, ID, for Plaintiff—Appellee.

_____

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Greg S. Silvey, Boise, ID, for Defendant—Appellant Rubelo Estrada.

George Paul Trejo, Jr., Yakima, WA, for Defendant—Appellant Jesus Camacho–Martinez.

Before BRUNETTI and McKEOWN, Circuit Judges, and KING,** Senior District Judge.

MEMORANDUM***

Rubelo Estrada was convicted of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Jesus Camacho–Martinez ("Camacho") pleaded guilty to the same charges. On appeal, Estrada requests a new trial, and both request remands under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

■ At Estrada's trial, the parties read to the jury passages of English transcripts of phone calls in Spanish between Estrada and co-conspirators. Estrada argues that the district court committed structural error, requiring automatic reversal under *United States v. Noushfar*, 78 F.3d 1442 (9th Cir.1996), by letting the jury see, if briefly, unredacted transcripts, including parts not read in open court.

*Noushfar* is inapposite. No structural error exists when we are able to "review the magnitude of the harm." *Eslaminia v. White*, 136 F.3d 1234, 1237 n. 1 (9th Cir.1998) (reviewing for harmless error and finding structural error rare).

Though "it is ... not a preferred procedure to send translated transcripts when they have not been read to or by the jury in open court," to do so is not necessarily reversible error. *United States v. Franco*, 136 F.3d 622, 628 (9th Cir.1998).

Any error here was harmless. The transcript passages not read to the jury were not incriminating—they were at most "a distraction." Significantly, though full transcripts are in the record, Estrada fails to identify passages not read in open court that could have affected his verdict. The jury's brief possession of the unredacted transcripts "did not likely affect the jury's verdict, and did not constitute reversible error." *United States v. Pena–Espinoza*, 47 F.3d 356, 360 (9th Cir.1995).

■ Estrada also claims *Booker* error, because the district court imposed a sentence it believed was mandatory under the Sentencing Guidelines. *United States v. Ameline* requires a limited remand when "it cannot be determined from the record whether the judge would have imposed a materially different sentence had he known that the Guidelines are advisory rather than mandatory." 409 F.3d 1073, 1083 (9th Cir.2005) (en banc). Such a remand is warranted for Estrada.

We cannot tell if the district court would have given the same sentence had the Guidelines been advisory. Though asked, the district court declined to say what Estrada's sentence would have been under non-mandatory Guidelines, noting only that it "would be guided by the grid" and "by other things as well." In the end, the district court offered the *Ameline* remedy: "[I]f the Supreme Court holds that the guidelines are unconstitutional in their en-

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tirety, then I think the appropriate thing to do would be to resentence the defendant." Thus, Estrada's sentence must be vacated and remanded for resentencing.

■ Like Estrada, Camacho alleges *Booker* error. He claims the district court erred by not granting him further downward departures or sentencing leniency based on non-Guidelines factors, including his anguish at the government's delay in filing the § 5K1.1 motion. A limited remand is not justified for Camacho.

*Ameline* only requires a remand when we cannot tell if the district court "would have imposed a materially different sentence" had the Guidelines been advisory. 409 F.3d at 1083. This is not the case here. The district court knew it had the discretion under § 5K1.1 to depart from the Guidelines: "I followed the Sentencing Guidelines with respect to Mr. Estrada. I didn't have the discretion in imposing a sentence on Mr. Estrada that I have in this particular case." The district court even used its discretion to grant a one-level departure, beyond the four-level departure the government requested, because of the alienation Camacho suffered from his family after cooperating with the government. Thus we affirm Camacho's sentence because the district court, under § 5K1.1, had recognized it had total discretion to depart from the Guidelines and would have given the same sentence even had the Guidelines been advisory.

*United States v. Estrada,* No. 04–30336: AFFIRMED IN PART, SENTENCE VACATED AND REMANDED.

1. Although the government argues that we lack jurisdiction to review the district court's denial of a downward departure if the denial was discretionary, because of the analytical quirks spawned by the intervention of *Booker,*

*United States v. Camacho,* No. 04–30356: AFFIRMED.[1]

we reach the merits of the challenge. The result is the same either way.

